## CHATTEL MORTGAGE LIEN ON AUTOMOBILE PRIOR TO THAT OF GARAGE OWNER.

Common Pleas Court of Hamilton County.

NATIONAL BOND & INVESTMENT COMPANY, A CORPORATION
vs. AMERICAN AUTO HOTEL COMPANY.

Decided, January Term, 1924.

*Motor Vehicles—Precedence not Given to Lien for Storage of a Stolen Machine.*

Where a stolen automobile is found by the police on the street and is placed by them in a public garage, the lien of a prior filed chattel mortgage takes precedence over that of the storage man and G. C. Sec. 4400 does not apply.

DIXON, J; *Matthews, J. Concurs.* (Sitting in banc.)

Action in replevin. Error to the Municipal Court.

The undisputed facts in this case as disclosed by the record are that one, Mason, was the owner of a Ford touring car which was stolen on or about December 5, 1922; sometime thereafter the police department of Cincinnati recovered the car and placed it for safe keeping in the garage of the defendant in error, the American Auto Hotel. Prior to the time the car was stolen, Mason had given a chattel mortgage on the car to one Keith S. Klecspies, who subsequently assigned this mortgage to the plaintiff in error, the National Bond & Investment Company; this mortgage was duly filed with the recorder of Hamilton county, Ohio, and was so filed prior to the time that the automobile in question was left with the American Auto Hotel. The conditions of this mortgage became broken during the time that the automobile was in the garage of the defendant in error. After this default the plaintiff in error, learning of the location of the car, went to the American Auto Hotel and demanded that the car be turned over to it. The American Auto Hotel refused to deliver the car to the Investment Company until it paid a storage charge of one dollar per day for each day that the automobile had been in the garage of the defendant in error. At that time the automobile had been in the garage for one month and nine days, plaintiff in error offered

to. pay to defendant in error the flat monthly rate of $13.50 for the month, and $1.00 a day for each day over the month. The defendant in error refused to accept this amount in satisfaction of its storage charge; thereupon plaintiff in error instituted this action in replevin.

The trial court reached the conclusion that the American Auto Hotel had a lien on the automobile for this storage charge which took precedence over the lien of the chattel mortgage of the plaintiff in error, and that by reason of such prior lien the garage keeper was entitled to retain possession of the car until the storage charge of $1.00 per day, which the court found to be a reasonable charge, was paid by the mortgagee.

Thus it will be observed that the question presented to this court for determination is whether or not under the circumstances of this case the lien of the garage keeper in this case, assuming that he had such a lein, is prior to the lein of the mortgagee.

The question of priority of liens has naturally received extensive consideration in the courts and by text book writers, and an examination of many of these discloses little harmony among the conclusions reached by various authors upon this subject.

Inasmuch as the automobile has supplanted the old horse and carriage as a pleasure vehicle for private carriage it may be assumed that the modern garage keeper has taken the place of the former livery keeper, and that there is little difference, if any, between the rights which the latter formerly had and which the garage keeper now has with respect to liens for storage on property placed in their keeping.

At common law livery stable keepers had no lien for the keeping of horses, and hence such a lien can only arise by virtue of a statute, or by some special agreement in the nature of a pledge.

"The livery stable keeper does not come within the reason of law which gives a lien to an innkeeper, namely, that the innkeeper is bound to entertain and provide for any one who presents himself in the character of a guest; for the keeper of a

livery stable is under no obligation to take and feed the horse of a customer." *Jones on Liens,* 3rd Ed., Vol. 1. Par. 641.

It is apparent, therefore, that a garage keeper can have no lien for storage of an automobile as a mere garage keeper, unless such right of lien is conferred upon him by statute. If, however, the character of the storage is such, or if the contract for storage either express or implied, is such as to enable the garage keeper to claim the rights of a warehouseman he would under the common law have a warehouse lien provided the property was stored by the owner or his duly authorized agent. But even a warehouseman's lien does not take precedence over a chattel mortgage which was on file at the time the goods were stored.

"A mortgagor of chattels has no authority, implied from his being allowed to remain in possession, to charge them with a lien for storage as against a mortgagee whose mortgage is recorded. The warehouseman has notice of the mortgage from the record, and therefore he is not at liberty to assume that the mortgagor has an absolute *jus disponendi* from his possession alone; and, if storage is necessary, he is chargeable with notice that the mortgagee has a right to judge for himself where it should be, if his interest is to be charged with the cost." Jones on Liens, 3d Ed. Vol. 1, par. 971.

In *Adler* v. *Godfery,* 153 Wis., 186, syllabus 4, the court say:

"Such mortgagor having, as provided in the mortgage, been permitted to remain in possession of the car, a garage keeper who stored it for him acquired no lien for such storage as against the mortagee, even though the latter knew that the mortgagor was keeping the car in a public garage; and the vendor of the mortgagor acquired no such lien by paying the storage claim."

In *McGhee* v. *Edwards,* 87 Tenn., 506, where the question of the priority of a lien of a livery stable keeper on a horse that had been kept in his stable over the lien of a duly filed chattel mortgage of the same horse, the court say at page 507:

"The mortgage being registered, amounts in law to actual notice to all parties dealing with the property as fully, to all

intents and purposes, as if the fact were placarded on the property itself, so far as the rights of the mortgagee therein are concerned,"

"To permit the mortgagor to encumber it to its full value, and consequent destruction to the mortgagee, is as fatal to the latter's rights, and defeats as effectually the policy of our registration laws, as if the former were allowed to sell it to a pur- who was, in fact, ignorant of the mortgage."

To the same effect see *Sullivan* v. *Clifton*, 55 N. J. L., 324; *Hanch* v. *Ripley*, 127 Ind., 151; see also *Huddy on Automobiles*, 5th Ed., Sec. 881,.

In the case of *Metropolitan Securities Co.* v. *Orlow et al.*, 107 Ohio St., 583, the Supreme Court had before it for determination the question of the priority of a mechanic's lien for work and labor done on an automobile over that of an existing chattel mortgage filed for record at the time the repairs were made. Syllabus 1 is as follows:

"An artisan who furnishes material or performs labor for the building or repair of chattel property has a valid common law lien upon such chattel property for the reasonable value of such labor and materials while he retains such chattel property in his possession."

And syllabus 2:

"Where such chattel property is encumbered by a valid chattle mortgage, properly executed and filed, according to the statutes of Ohio in such cases made and provided, such record is constructive notice to persons who thereafter perform labor or furnish materials in repairing such chattel property, and the common law lien of such artisan is suborinate to the lien of the mortgagee thereon."

Syllabus 3:

"A covenant in a chattel mortgage that the mortgagor will take care of the property, and keep it in first-class condition and order at all times, at mortgagor's expense, does not constitute the mortgagor the agent of the mortgagee or authorize the mortgagor, by his contract for repairs, to create any lien which will take priority over such mortgagor."

No lien is a greater favorite of the law, probably, than the lien of an artisan who contributes by his labor to create, repair or enchance the value of property; for such work and labor he had a lien at common law, and every state in the Union either recognizes such a lien, or has strengthened and reenforced it by statute. Our Supreme Court, however, in the above case has indicated that even an artisan's lien will not supplant in priority a prior valid chattel mortgage which has been duly filed covering the same chattel upon which the artisan has done his work. In view of this decision it is clear that the lien of a garage keeper for storage of an automobile left in his possession can not take precedance over a prior chattle mortgage on the same property, which has been filed in accordance with the law in such cases made and provided, and we see nothing in the particular facts of this case which convinces us that any other rule than this should be applied.

Counsel for defendant in error have called our attention to Section 4400 of the Revised Statutes. We have carefully examined this statute in connection with the apparent purpose of its passage, and we are of the opinion that it has no application to this case.

Our conclusion therefore is, that the judgment of the Municipal Court be reversed, and that judgment should be rendered for the plaintiff in error, and it is so ordered.

*Edward R. Dorr*, for plaintiff in error.

*Frank S. Bonham*, for defendant in error.